**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CONSECO SERVICES, L.L.C., et al.,** ) | |
| ) | **CIVIL ACTION** |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 09-2130 CM/DJW** |
| ) | |
| **MATT V. ALEXANDER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Discovery (doc. 74). Defendant asks the Court to compel Plaintiffs to provide a full and complete answer to Interrogatory No. 6 and to produce documents responsive to Document Request Nos. 6, 67, 70, and 71.

On July 1, 2010, the Court held a hearing on this Motion, as well as several other motions. During the hearing, the Court gave counsel for the parties the opportunity to resolve their discovery disputes before the Court entered a ruling on the pending motions. As a result, the parties were able to resolve many of their discovery disputes. However, the parties were unable to resolve their dispute concerning Document Request Nos. 6, 70, and 71. The Court therefore heard arguments from counsel concerning these document requests and issued its ruling during the hearing. The purpose of this Memorandum and Order is to memorialize the Court's ruling during the hearing.

Document Request Nos. 6, 70, and 71 all seek information concerning complaints by state insurance departments. Document Request No. 6 seeks "[a]ll documents which relate to, refer to, reflect or support any complaints, reprimands, and/or fines assessed by any state insurance department for any violations, by Plaintiffs." Document Request No. 70 seeks "[a]ll documents which relate to, refer to or reflect complaints against Plaintiffs by any state insurance department or any other regulatory entity." Finally, Document Request No. 71 seeks "[a]ll documents which

relate to, refer to or reflect fines assessed against Plaintiffs by any state insurance company or any other regulatory entity." After the requests were issued, Defendant offered to put a time limit of 10 years on each request.

Plaintiffs objected to Document Request Nos. 6, 70, and 71 on the grounds that they are overbroad and unduly burdensome. In response, Defendant argued the relevance of the requests. Upon hearing the arguments of counsel, the Court concluded that Document Request Nos. 6, 70, and 71 are three examples of requests that are overbroad on their face and appear to violate Fed. R. Civ. P. 26(g), which requires every discovery request to be reasonable considering the needs of the case. The Court noted that it has long disapproved of broad language seeking all documents that "relate to, refer to, reflect or support" a certain category of information. The Court therefore finds that Document Request Nos. 6, 70, and 71, even with the 10 year limit, are overbroad on their face and go beyond what is appropriate for these type of requests. Defendant's Motion to compel responses to these requests is denied. Because of the efforts of counsel to resolve these discovery disputes, the Court will not enter any sanctions against Defendant under Fed. R. Civ. P. 26(g).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (doc. 74) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 9th day of July 2010.

s/David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc: All counsel and *pro se* parties