# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONSECO SERVICES, L.L.C. et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>MATT V. ALEXANDER, )<br>)<br>Defendant. )<br>) | Case No. 09-2130-CM |

## MEMORANDUM AND ORDER

This action arises from defendant Matt Alexander's registration and use of various websites containing plaintiffs Conseco Services, L.L.C. and Bankers Life And Casualty Company's trademarks or domain names similar to plaintiffs' marks. The websites allegedly express criticisms of plaintiffs Conseco and Bankers and their employees, including plaintiff Paul Wilkins, and attempt to cast them in a negative light.

Under the court's Scheduling Order, the deadline for motions to amend was in January 2010. On May 11, 2010, plaintiffs filed a motion seeking leave to amend their complaint (doc. 98) to add claims of tortious interference and intentional infliction of emotional dismiss on behalf of plaintiff Wilkins. On July 1, 2010, Magistrate Judge Waxse held a hearing on plaintiffs' motion. After hearing the parties' arguments, Judge Waxse issued an oral ruling denying plaintiffs' motion; he memorialized his ruling in a Memorandum and Order filed July 9, 2010 (doc. 170). Judge Waxse denied plaintiffs' motion because (1) the motion was untimely; (2) defendant would be prejudiced if plaintiffs' complaint was amended so late in the case; and (3) plaintiffs had every opportunity to timely plead the additional claims because the claims are based on facts that were already known to plaintiffs.

In their current motion, plaintiffs request that the court reverse Judge Waxse's ruling and allow them to amend their complaint in order for plaintiff Wilkins to assert these additional claims. The court has reviewed the pertinent portions of the July 1, 2010 hearing and Judge Waxse's July 9, 2010 order. For the reasons set forth below, plaintiffs' motion is denied.

### I. Legal Standards

An order denying leave to amend that has the effect of dismissing potential claims is considered to be dispositive and is reviewed using a *de novo* standard. *Five Rivers Ranch Cattle Feeding LLC v. KLA Envt. Servs. Inc.*, No. 08-2185-EFM, 2010 WL 2609426, at *2 (D. Kan. June 25, 2010) (citing *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000)); *see also Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *1−2 (D. Kan. June 30, 2008). The court may affirm a magistrate's order on grounds different than those stated by the magistrate if such grounds are supported by the record. *Five Rivers*, 2010 WL 2609426, at *2 (citing *Nevils v. Barnhart*, No. 05-2012-JWL, 2005 WL 3464390, at *3 (D. Kan. Dec. 16, 2005)).

### II. Discussion

Where, as here, a motion to amend a complaint is filed after the scheduling order deadline, the court reviews the motion under Federal Rules of Civil Procedure 15(a) and 16(b). *Wilson*, 2008 WL 2622895, at *2. The court first considers whether a plaintiff has shown good cause for violating the scheduling order as required by Rule 16(b)(4). *Five Rivers*, 2010 WL 2609426, at *2. Once good cause is shown, the court then considers whether the more liberal standard of Rule 15(a) has been satisfied. *Id.* at *2.

Rule 16's good cause standard requires plaintiff to show that the scheduling order's deadline "could not have been met with diligence." *Id.* at *2 (quoting *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146-CM, 2008 WL 2944909, at *2 (D. Kan. July 28, 2008)). Plaintiffs have not provided the court

with an adequate reason for waiting until May, four months after the deadline, to file their motion. Plaintiffs argue that the basis for the claims became clear after defendant's deposition, which was completed on May 10, 2010. But they admit that the additional claims are based on the same set of facts as alleged in their Amended Complaint, filed January 6, 2010, and not on facts learned only at defendant's deposition. Plaintiffs provide no reason for their failure to include the claims in their Amended Complaint or for their lack of diligence to get their motion filed on time. Further, plaintiffs have not established that they could not have met the scheduled deadlines. Accordingly, plaintiffs have not shown good cause under Rule 16 for their delay.

The court also finds that plaintiffs' motion fails under Rule 15. Once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While the court is to freely give leave to amend when justice requires, it may refuse to grant leave to amend based upon "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Lipari*, 2008 WL 2944909, at *2 (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). Undue delay is similar to Rule 16(b)(4)'s good cause standard. *Wilson*, 2008 WL 2622895, at *4.

The court concludes that plaintiffs unduly delayed filing their motion for substantially the same reasons that it finds they have not shown good cause—the factual allegations necessary for the claims were known to plaintiffs in January 2010. Additionally, the court finds that defendant would be prejudiced by the late amendment. As explained by Judge Waxse during the July hearing, there is prejudice anytime you add new causes of action this late in the litigation. Discovery schedules are set to allow the parties adequate time to prepare their case; adding new claims now would upset that

schedule and prejudice defendant. Plaintiffs have not met the applicable standards to amend under Rule 15. *See e.g., Five Rivers*, 2010 WL 2609426, at *3 ("When the party filing the motion has no adequate explanation for the delay, the denial of their motion is justified.") (quotation omitted); *Graphic Techs., Inc. v. Pitney Bowes Inc.*, 998 F. Supp. 1174, 1181−82 (D. Kan. 1998) ("[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.") (quotation omitted).

Upon review of the record the court finds that plaintiffs have not met the applicable standards under Rules 15 and 16. Further, the court agrees with Judge Waxse's findings that (1) plaintiffs' motion was untimely; (2) defendant would be prejudiced if plaintiffs' complaint was amended so late in the case; and (3) plaintiffs had every opportunity to timely plead the additional claims because the claims are based on facts that were already known to plaintiffs. Plaintiffs' motion is therefore denied.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Review Magistrate's Order Denying Plaintiffs' Motion to Amend (Doc. 166) is denied.

Dated this 13th day of September 2010, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**